The State *v.* Garibaldi.

THE STATE *v.* A. GARIBALDI.

CRIMINAL LAW. *Misdemeanors. Trial by judge, jury being waived. Appeal.* The State cannot appeal from a judgment of acquittal in a misdemeanor case tried by the court, a jury being waived.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

ATTORNEY-GENERAL LEA for the State.

———— for Garibaldi.

DEADERICK, C. J., delivered the opinion of the court.

Defendant was acquitted, upon a charge of selling liquor within four miles of an institution of learning, by the court, upon a trial before it, a jury being waived, and the attorney-general has appealed in behalf of the State.

Without discussing the correctness of the conclusions of the judge upon the questions of law arising in the case, we are content to say, that, following numerous decisions heretofore made, we will give in this court to the finding of the judge, where a jury is waived, the effect of the finding of a jury. And the right of the judge has been often recognized, in misdemeanor cases, to try and determine the case,

The State v. Garibaldi.

where defendant consents thereto and waives his right to have a jury to pass upon his case.

The judge has declared and set out the facts which he finds to exist in this case, and upon those facts has declared that the defendant is not guilty as charged, in his view of the law applicable to those facts. If his views of the law are erroneous, nevertheless we have the same result in his verdict as we should have had in the verdict of the jury, if he had instructed them as he declares the law to be. In either case the defendant would be acquitted, and, being acquitted on a criminal charge of any grade, the State has no right to appeal, as the defendant is entitled to his discharge: Meigs, 100; 1 Overton, 334.

The judge, by consent of the State and defendant, has in this case performed the functions of a jury, and his verdict of acquittal is conclusive against any further prosecution of defendant. To hold otherwise, and again try defendant for the same offense of which he has been once acquitted, would be to put him in jeopardy twice for the same offense, which cannot be done even in a case of misdemeanor.

Let the appeal be dismissed and the defendant discharged.